UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROOSEVELT VINES,

    Petitioner,

v.

KEVIN HIXON,

    Respondent.

Case No. 23-cv-05765-SVK

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

## I. INTRODUCTION

Petitioner, a state prisoner at the North Kern State Prison in Delano, California, filed a petition for a writ of *habeas corpus* under 28 U.S.C. Sections 2241 and 2254. *See* Dkt. 1 (the "Petition"). He has paid the filing fee and has consented to the jurisdiction of a magistrate judge. *See* Dkt. 5. For the reasons stated below, Respondent is ordered to show cause why the Petition should not be granted.

## II. DISCUSSION

### A. Background

In 2020, Petitioner was convicted and sentenced to a term of 50 years to life in the California Superior Court for the County of Alameda under California Penal Code Sections 136.1, 187, 12022.53 and 29800. Petition ¶ 1. He pursued a direct appeal, and the California Supreme Court denied review. *Id.* ¶ 2. His time to pursue an appeal to the United States Supreme Court has lapsed. *Id.* ¶ 3. He commenced this action on November 8, 2023.

///

///

///

///

### B. Standard Of Review

A district court may entertain a petition for writ of *habeas corpus* "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Rose v. Hodges*, 423 U.S. 19, 21 (1975).[1] It "shall . . . award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### C. Petitioner's Claims

Petitioner seeks reversal of his conviction on three grounds:

1. His Fourteenth Amendment right to due process was violated when he was convicted of first-degree murder upon an insufficient presentation of evidence. (*See* Petition at m-2 through m-8.)

2. His Fourteenth Amendment right to due process was violated when the prosecutor engaged in certain misconduct throughout Petitioner's trial. (*See id.* at m-9 through m-24.)

3. His Sixth Amendment right to effective assistance of counsel was violated when his counsel objected to some, but not all, instances of misconduct engaged in by the prosecutor during Petitioner's trial. (*See id.* at m-24.)

A conviction based upon a presentation of evidence that does not rise to the level of proof "beyond a reasonable doubt" violates an individual's Fourteenth Amendment right to due process. *See Jackson v. Virginia*, 443 U.S. 307, 315-18 (1979). Prosecutorial misconduct during a criminal trial may also violate an individual's Fourteenth Amendment right to due process. *See Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986). And an attorney's failure to act reasonably "under prevailing professional norms" may violate an individual's Sixth Amendment right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984).

Thus, when liberally construed, the Petition presents cognizable claims for the violation of

---

[1] Although Petitioner submits his Petition under both 28 U.S.C. Sections 2241 and 2254 (*see* Petition at m-1), Section 2254 "is the exclusive vehicle for [his] habeas petition", because Petitioner seeks *habeas corpus* relief while in custody pursuant to a state-court judgment. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018).

2

Petitioner's federal constitutional rights and for federal *habeas corpus* relief. Accordingly, the Court **ORDERS** Respondent to respond to the Petition.

### III.   CONCLUSION

1. The Clerk shall serve electronically a copy of this Order and a magistrate-judge-consent form upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and exhibits thereto are available via the Electronic Case Filing System for the United States District Court for the Northern District of California.

2. Respondent shall complete and file a magistrate-judge-consent form by no later than **February 12, 2024**.

3. Respondent shall file with the Court and serve on Petitioner, on or before **March 11, 2024**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases and showing cause why a writ of *habeas corpus* should not be granted. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent on or before **April 10, 2024**.

4. In lieu of answering the Petition, Respondent may, on or before **March 11, 2024**, file a motion to dismiss the Petition on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition on or before **April 10, 2024**, and Respondent shall file with the Court and serve on Petitioner a reply on or before **April 24, 2024**.

**SO ORDERED.**

Dated: January 11, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge